# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LISA THOMPSON,**

    **Plaintiff,**

**v.**                                              **No. 16-cv-1222 SMV**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] ("Motion"), filed on July 6, 2017. The Commissioner responded on September 5, 2017. [Doc. 22]. Plaintiff replied on September 19, 2017. [Doc. 23]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to provide a legally adequate evaluation of Plaintiff's alleged symptoms. Accordingly, the Motion will be granted and the case remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

### Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981; 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on February 2, 2012. Tr. 10. She alleged a disability-onset date of September 19, 2008. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ David R. Gutierrez held a hearing on June 25, 2015, in Santa Fe, New Mexico. Tr. 10, 25−49. Plaintiff appeared in person and was represented by an attorney. Tr. 10, 25−49. The ALJ heard testimony from Plaintiff and an impartial vocational expert, Mary Diane Weber. Tr. 10, 25.

The ALJ issued his unfavorable decision on August 7, 2015. Tr. 19. Initially, the ALJ found that Plaintiff met the insured status requirements through March 31, 2011. Tr. 12. At step one he found that Plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability. *Id.* Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There he found that Plaintiff suffered from the following severe impairments: degenerative disc disease and post-laminectomy syndrome. *Id.* At step three the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 13.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 13−16. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except she can sit up to 6 hours; stand/walk up to 6 hours; cannot push or pull; due to lower back problems, can occasionally climb ropes, ladders[,] or scaffolding; can occasionally balance, stoop, kneel, crouch, or crawl; can occasionally reach overhead bilaterally, due to back and

4

> neck problems; can constantly handle, reach, finger, and feel
> bilaterally; would need to avoid extreme cold and heat; avoid
> concentrated exposure to wetness and humidity; and no work
> involving vibrations or around moving machinery, unprotected
> heights, or open flames.

Tr. 13–14 (footnotes omitted). At step four the ALJ found that Plaintiff was capable of returning to her past relevant work as a travel agent and an escrow officer. Tr. 16–17. Having found that Plaintiff could return to her past relevant work, the ALJ was not required to proceed to step five, but he did so anyway. Tr. 17–18. At step five, the ALJ considered Plaintiff's RFC, age, education, work experience, and the testimony of the VE to find that Plaintiff could perform other work that exists in significant numbers in the national economy. *Id.* Ultimately, the ALJ determined that Plaintiff was not disabled as defined by the Act, and he denied the claims. Tr. 18–19. Plaintiff requested review from the Appeals Council, but that request was denied on September 7, 2016. Tr. 1. Plaintiff timely filed the instant action on November 8, 2016. [Doc. 1].

## Analysis

Social Security Ruling ("SSR") 96-7p requires ALJs to "make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects. . . . It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" 1996 SSR LEXIS 4, at *2–3. Specifically, in evaluating the credibility of a claimant's subjective complaints, the ALJ follows the steps outlined in *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). First, accepting the subjective allegations as true, the ALJ must determine whether the

claimant has a medically determinable impairment that "could reasonably be expected to produce the alleged [symptoms]." *Luna*, 834 F.2d at 163; *see* SSR 96-7p, 1996 WL 374186, at *2. "If an appropriate nexus does exist," the ALJ must next consider all of the relevant evidence "to determine whether the claimant's [symptoms are] in fact disabling." *Luna*, 834 F.2d at 163; *see* SSR 96-7p, 1996 WL 374186, at *2. The ALJ must consider "the medical data previously presented, any other objective indications of the degree of [the symptoms], and subjective accounts of the severity" in determining whether the ALJ believes the claimant. *Luna*, 834 F.2d at 163. That is, the ALJ must assess the credibility of the claimant's assertions of pain or other symptoms. *Id.*

The district court cannot re-weigh the evidence. It can only review an ALJ's decision to ensure that she applied the correct legal standard and that his findings are supported by substantial evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation marks omitted). Boilerplate language, however, is insufficient. *Id.* Instead, "it is well settled that [ALJs] must give reasons for their decisions." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988). Although ALJs need not discuss "every piece of evidence," *Clifton*, 79 F.3d at 1010, their "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391 (internal quotation marks and brackets omitted).

SSR 96-7p was superseded on March 29, 2016 (after the Commissioner's decision became final and after this action was already pending in this Court), by SSR 16-3p. The new ruling "eliminat[es] the use of the term 'credibility' [and] clarif[ies] that subjective symptom evaluation is not an examination of a [claimant]'s character." 2016 SSR LEXIS 4, at *1, 2016 WL 1119029, at *1. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007). The new Ruling, however, does not appear to be a policy change but, rather, a clarification.

In this case, Plaintiff argues that the ALJ's decision "simply [contains] no evaluation of the intensity and persistence of [Plaintiff]'s symptoms in accordance with either SSR 16-3p, SSR 96-7p, or Luna v. Bowen and its progeny." [Doc. 20] at 11. In other words, Plaintiff argues that the ALJ's findings are mere boilerplate and are not "closely and affirmatively linked" to any particular portion of the record. *Id.* at 11–12. Defendant argues that SSR 16-3 is not applicable to this case because it became effective after the Commissioner's decision became final. [Doc. 22] at 9. Rather, Defendant argues that SSR 96-7 governs. *Id.* Further, she argues that the ALJ's credibility findings are adequate. *Id.*

The ALJ's decision included many paragraphs describing the applicable rules for evaluating a plaintiff's credibility. The decision also included a one-paragraph summary of the medical evidence as well the ubiquitous boilerplate "findings."[4] The other findings on Plaintiff's

---

[4] Tr. 14 ("After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.").

credibility, however, are thin. Essentially, the ALJ found Plaintiff not entirely credible based on a lack of supporting evidence:

> The claimant's allegations of the intensity and persistence of pain and disabling symptoms are not consistent with medical record signs, laboratory findings, or the medical record as a whole. The claimant's allegations, under oath, are not corroborated in the medical evidence of record. . . . [T]he paucity of evidence does not support the claimant's ultimate allegation of disability. . . . [T]he evidence cannot be fully reconciled with the level of pain and limiting effects of the impairments that the claimant has alleged. . . . The claimant's allegations are found to be not fully credible. Additionally, the medical findings do not support existence of limitations greater than the above listed residual functional capacity. . . . Given the medical evidence of record, daily activities and other progress notes, though the claimant may experience some pain, I find this symptom is not so severe as to preclude all work activity. In accommodating this symptom, I have restricted the claimant to light work.

Tr. 15–16. The ALJ, however, never identifies what evidence is inconsistent with Plaintiff's reported symptoms. These findings are generic; they could be found in anyone's file. There is nothing particular to Plaintiff's symptoms or this record. The findings are not closely and affirmatively linked to substantial evidence. They amount to conclusions in the guise of findings. *See Kepler*, 68 F.3d at 391. Pursuant to either SSR 96-7 or SSR 16-3, remand is warranted for reevaluation of Plaintiff's reported symptoms.

### Conclusion

Remand is warranted because the ALJ's credibility findings are legally inadequate. The Court declines to pass on Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] is

**GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

       **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**